Mr. Justice James
delivered the opinion of the court:
On the 18th of May, 1812, the plaintiff recovered judgment in this court against the defendant Beveridge for *295 $388.60, with interest from August 17,1871. On August 17, 1872, plaintiff caused a fieri facias to be issued on this judgment, which was duly returned nulla bona, and again on July 14, 1884, an alias fi. fa., which was also returned nulla bona.
On December 21, 1871, Alois Meisel and others recovered judgment in this court against the same defendant for $100, with interest from January 21, 1871. The defendant Loughery purchased this judgment some time in January or February, 1884, and on March 22,1884, just twelve years after the issuing of the last fi. fa., caused an alias fi.fa. to be issued.
Meantime, in May, 1883, Amanda Beveridge, mother of the defendant Beveridge, died a widow, intestate, and seized and possessed of the eastern half of lot 6 in reservation 11 in Washington, and thereupon the said defendant inherited one-third interest in the premises. Loughery caused the Meisel judgment to be levied thereon on March 24, 1884, and on May 5,1884, a sale under this levy was made by the marshal of the District, at which Loughery became purchaser for $100. On the next day a deed was executed to him by the marshal.
Under the rule laid down in Thompson vs. Beveridge, 3 Mackey, 174, it appears that both the plaintiff’s judgment and the Meisel judgment had been continued in force by the issuing and return of the writ of fi. fa.
At the time of the sale under the Meisel judgment, there were several other prior judgments which were then liens on the premises, but those liens were allowed afterwmrds to expire. It appears that when Loughery bought the Meisel judgment, he held promissory notes of the defendant Beveridge to the amount of $935. It is unnecessary to go into the details of the pleadings and proofs relating to the use made of this claim in making the judicial sale; but we are satisfied that an agreement was made between Loughery and Beveridge that the latter would withdraw all opposition or interference with the sale if Loughery would give him up these notes on making the purchase at the marshal’s sale; *296 and we hold that the purchase by Loughery was thereby tainted by fraud against other creditors.
On the 24th of May, 1884, Loughery conveyed the undivided interest purchased by him to Leon Tobriner, in trust, to secure his note for $325, to the defendant Zachariah Tobriner. Afterwards, on 23d June, 1884, proceedings in partition were commenced in this court by one of the heirs of Amanda Beveridge, to which Loughery and Leon and Zachariah Tobriner were made defendants. That cause proceeded to a decree for sale, in which Leon Tobriner and the defendant Blair were appointed trustees to sell, and the premises were sold for $5,200. The cause was referred to the auditor to state the account of the trustees and a distribution of the proceeds. It was only after this that the plaintiff learned, for the first time, of the judicial sale of Beveridge’s interest to Loughery, and thereupon, upon his petition, he was made party to the proceedings. It appears that the proceeds of the partition sale are in the registry of the court.
As we have already said, we hold that the arrangement between Loughery and Beveridge was in fraud of the rights of other creditors, but this fraud does not affect the title of the purchaser at the partition sale, and the property itself cannot be reached. But the proceeds of the property are still in the hands of the court, and, as against Loughery, we see no difficulty in treating them just as we should have treated the property. We shall still hold that Loughery cannot, by the arrangement concerning the notes held by him, acquire any interest beyond the judgment assigned to him and which he was seeking to satisfy.
We hold, therefore, that after payment of the amount due on this judgment and of the note secured to Zachariah Tobriner, the proceeds of the sale in the partition proceedings shall be applied to the judgment of plaintiff, and that only the balance, if any, should go to Loughery.
Decree accordingly.